```
            UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF NEW HAMPSHIRE
```

**Hitchiner Manufacturing Co., Inc.**

    **v.**　　　　　　　　　　　Case No. 15-cv-153-PB
　　　　　　　　　　　　　　　　Opinion No. 2015 DNH 225
**Eaton Corporation Plc.**


### O R D E R

Hitchiner Manufacturing Co., Inc. ("Hitchiner") has sued Eaton Corporation Plc. ("Eaton") for common law breach of contract, unjust enrichment, breach of contract under the Uniform Commercial Code ("UCC"), and breach of the duty of good faith and fair dealing.  All of Hitchiner's claims stem from Eaton's alleged breach of a "Supply Agreement" pursuant to which Hitchiner agreed to provide castings to Eaton for use in the production of certain General Motors ("GM") automobile parts. Eaton has filed a motion to dismiss Hitchiner's complaint for failure to state a claim.  See Fed. R. Civ. P. 12(b)(6).  It alternatively argues that the action must be dismissed because Hitchiner has failed to join GM as a party.  See Fed. R. Civ. P. 12(b)(7).

The dispute centers on two terms in the Supply Agreement. First, the Agreement provides in paragraph 6.d that "Eaton

agrees to review pricing for significant changes in volume" (the "Price Review Term").  Doc. No. 1-1.  Second, paragraph 10 provides that "In the event that GM cancels the program prior to achieving a volume of 16.5 million rocker arms, Eaton will take forward any validated capital claims from Hitchiner to be included in the claim submitted to GM by Eaton" (the "Take Forward Term").  Id.

Hitchiner alleges that the prices specified in the Agreement were premised on a total volume of 33,000,000 castings, but that only 11,700,000 castings were purchased because GM imposed a blackout period during which it did not purchase parts from Eaton.  Doc. No. 1.  Based on these contentions, Hitchiner alleges that GM's imposition of a blackout period effectively cancelled the parts program, which obligated Eaton to "take forward" Hitchiner's capital claims.  Hitchiner also claims that Eaton was obligated to "review and adjust" its unit prices because the number of castings it actually purchased from Hitchiner resulted in a "significant change in volume."  All of Hitchiner's claims are based on Eaton's alleged breach of these two terms in the Supply Agreement.

Eaton presents four principal challenges to Hitchiner's contract claims, each of which present issues that cannot be

resolved on a motion to dismiss.  First, Eaton suggests that Hitchiner has no breach of contract claim against Eaton because Hitchiner's sole remedy is a claim against GM.  This argument misreads the Supply Agreement, however, which does not clearly bar Hitchiner from suing Eaton.  See Doc. No. 1-1.  Second, Eaton contends that Hitchiner cannot base a claim on an alleged breach of the Price Review Term because no further castings were purchased after the change in volume that allegedly triggered its obligation to review prices.  This argument turns on facts that have yet to be developed.  See, e.g., Jakobiec v. Merrill Lynch Life Ins. Co., 2011 WL 1706744, at *1 (D.N.H. May 4, 2011) (denying a motion to dismiss because further factual development was needed to rule on a claim).  Third, Eaton argues that Hitchiner cannot invoke the Take Forward Term to support a breach of contract claim because Eaton has no duty to take forward claims unless Eaton presents a claim to GM, which it has not done.  This argument also hinges on facts that have yet to be developed.  See id.  And fourth, Eaton argues that Hitchiner's UCC claim fails because the Agreement is a requirements contract, which cannot be breached by a purchaser's decision to reduce its requirements for legitimate business reasons.  This argument is a nonstarter because it ignores the contract's Price Review and Take Forward Terms.

3

Eaton further seeks to dismiss Hitchiner's good faith and fair dealing claim, but this too is premature.  Whether Hitchiner's claim can be pleaded as a separate claim or as part of its breach of contract claim is an inconsequential issue that turns on a choice of law question that I decline to resolve at the present time.

Eaton's alternative argument for dismissal – that GM is a necessary party – also fails because GM is not a party to the Agreement and the court can award complete relief to the parties regardless of whether GM is named as a party.  See Fed. R. Civ. P. 19(a)(1)(A) (requiring joinder if, *inter alia*, "in that person's absence, the court cannot accord complete relief among existing parties").

Eaton's only meritorious argument is its challenge to Hitchiner's unjust enrichment claim.  Because that claim merely restates Hitchiner's contract claim, it does not provide Hitchiner with a distinct claim for relief.  See Berger Enterprises v. Zurich Am. Ins. Co., 845 F. Supp. 2d 809, 822 (E.D. Mich. 2012) (Noting that "[u]nder Ohio law, absent fraud, illegality, or bad faith, a party to an express contract may not bring a claim for equitable relief") (alterations in original) (internal quotations omitted); Wolfer Ent., Inc. v. Overbrook Dev. Corp., 132 Ohio App. 3d 353, 357 (1999) ("A party seeking a

remedy under a contract cannot also seek equitable relief under a theory of unjust enrichment"). Accordingly, I dismiss that claim.

In summary, with the exception of Hitchiner's unjust enrichment claim, Eaton has presented arguments for dismissal that cannot be resolved on a motion to dismiss for failure to state a claim. Further, Eaton incorrectly asserts that GM is a necessary party to the litigation. Accordingly, Eaton's motion to dismiss (Doc. No. 16) is granted with respect to Hitchiner's unjust enrichment claim and is denied with respect to all other claims.

SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

December 10, 2015

cc: Alexandra Geiger, Esq.
    Mark Rouvalis, Esq.
    Emily Rice, Esq.
    James von der Heydt, Esq.
    Joseph Castrodale, Esq.
    Yelanda Boxer, Esq.

5